## Zalewski v. United Mine Workers

*A. Stephen Cohen*, for plaintiff.
*Frank E. Garrigan*, for defendants.

RANCK, *J.*, July 8, 1978—We are called upon to decide preliminary objections to petitioner's amended complaint in equity. Petitioner alleges that after seven years of employment by and membership in District 25, United Mine Workers of America, she was arbitrarily and improperly discharged from her employ, and her membership in said union was terminated. This action was originally filed on the law side of the court, but by opinion and order dated October 10, 1977, we granted leave to amend the form of action from law to equity: Pa.R.C.P. 1033. Petitioner made such amendment and now prays for reinstatement and compensatory damages.

The preliminary objections at hand cover a number of procedural issues and include petitions raising questions of jurisdiction and lis pendens,

and several in the nature of demurrers. At least one of said objections was considered in our prior opinion: 50 Northumb. L.J. 47 (1977). We will address the objections seriatim.

## DISCUSSION

Respondents argue first that we are without jurisdiction to hear this bill in equity since the complaint was not served on respondents in conformity with Pa.R.C.P. 1504. While no one contests the fact that the original complaint in assumpsit was properly served, it is urged that amendment of the form of action from law to equity required that the complaint be again personally served. Respondents maintain that since a court may transfer actions from equity to law, but not from law to equity, it follows that the present equity suit can only be commenced by service as permitted by Rule 1504. There is no merit to this position.

The rules for actions in equity provide that a court should certify an action from equity to law where there is a finding that a full, complete and adequate non-statutory legal remedy exists: Pa.R.C.P. 1509(c). It is true that the rules do not provide for court ordered transfer of an action from law to equity: Evans v. Gartling, 10 D. & C. 2d 309 (1957); Koppenheffer v. Humble Oil & Refining Co., 40 D. & C. 2d 259 (1966); and see Village 2 at New Hope, Inc. v. Hausman, 66 D. & C. 2d 207 (1974); although at least one court has ordered such a transfer: Stampolis v. Lewis et al., 115 Pitts. L.J. 46 (1960).

Transfer from law to equity in the present case, however, was accomplished not by our certification, but through petitioner's voluntary amend-

ment pursuant to Pa.R.C.P. 1033. Indeed, respondents admit as much in their brief. Moreover, this procedure was quite proper, for the assimilation of equity practice by the Rules of Civil Procedure requires that amendments from law to equity be permitted with the same liberality as those from one form of action to another: DuPuy Estate, 373 Pa. 423, 429, 96 A. 2d 318 (1953); Gedekoh v. Peoples Natural Gas Co., 183 Pa. Superior Ct. 511, 515, 133 A. 2d 283 (1957); 2 Goodrich-Amram 2d §1033:2 (1976). In the present case, as with an amendment from assumpsit to trespass in an action at law, the respondents are already in court, and "the amended complaint need not be served in a manner which would independently give the court jurisdiction over [respondents]." Service of the amended complaint on respondents' counsel was sufficient: 2 Goodrich-Amram 2d §1033:4 (1976); and see Thompson v. Polak, 45 Berks 221, 222 (1953). Respondents' first petition raising a question of jurisdiction is denied. . . .

We want to make clear, however, that by our rulings on these demurrers, we express no opinion as to the ultimate provability of the claims. Such questions must be reserved for a later time. There is one remaining issue. Respondents have raised the defense of lis pendens, asserting, we must assume, that they are being vexed by both the present equity action and the prior action at law in assumpsit. Although this objection completely lacks foundation, we will, in an effort to clear the record, direct petitioner to discontinue the action on the law side of the court, if and only if, she intends to pursue the present suit in equity. See Pa.R.C.P. 229.

We enter the following

## ORDER

And now, July 8, 1978, after due consideration of counsels' arguments, it is ordered and directed:

1. That the first, second, fourth, fifth, sixth and seventh counts of respondents' preliminary objections shall be, and the same are hereby, overruled;

• • •

3. That petitioner shall discontinue the action in assumpsit filed to no. 1072, May term, 1972, if she continues the present suit in equity.

4. Respondents shall have 20 days from the date herein within which to file a responsive pleading.