## CITY OF PHILADELPHIA

v.

## Stephen A. WHITE, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1998.

Decided March 22, 1999.

Richard A. McDaniel, Philadelphia, for appellant.

Carla Taylor Waite, Philadelphia, for appellee.

Before DOYLE, J., FLAHERTY, J., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

Stephen White (White) appeals from an order dated November 13, 1997 and docketed on November 14, 1997, entered by the Court of Common Pleas of Philadelphia County (trial court). This matter arises out of an equity complaint filed by the City of Philadelphia (City), which requested abatement of conditions hazardous to health, safety and welfare of the public and in violation of the City of Philadelphia Code of Ordinances, Title 4 (Building Code) with regard to certain property owned by White. Because we determine that the trial court lacked subject matter jurisdiction over the properties at issue in the trial court's order docketed on November 14, 1997, we vacate that order.

The facts giving rise to this case are as follows. The City filed a complaint in equity on May 15, 1997. The property named in the complaint was 3900 West Girard Avenue, Philadelphia Pa. The complaint sought a mandatory injunction against White requiring him to repair or demolish the 3900 West Girard Avenue property. The complaint was duly served upon an adult at White's residence on May 19, 1997. The trial court held a hearing on the complaint on July 10, 1997. At this hearing, the City raised issues concerning properties located at 3902 West Girard Avenue and also properties located at 3901–3931 West Cambridge Avenue (collectively, "additional properties"). Transcript of Hearing, July 10, 1997 at p. 3. These additional properties were also owned by

White and adjoined the 3900 West Girard property and, according to the City, were in such disrepair as to pose a threat to public safety. The trial court noticed that these additional properties were not included in the complaint originally filed by the City on May 15, 1997 and raised this issue with the City. *Id.* at pp. 4–5. The trial court indicated that in order to resolve the problem, the City should file a motion to amend its complaint to include the additional properties. Although the docket entries do not indicate the date upon which the City filed its petition to amend the complaint, the certified record contained such a petition and the docket entries do indicate that the trial court granted the City's petition to amend by order dated and docketed July 22, 1997.[1] Furthermore, White concedes that a copy of the City's petition to amend was served upon White during the course of the proceedings before the trial court on July 22, 1997. (White's brief at p. 14). Thereafter however, neither the trial court's docket nor the record indicates that any amended complaint was filed with the prothonotary adding the additional properties.

Notwithstanding the absence of an amended complaint that included the additional properties, the trial court conducted hearings on July 22, 1997, which included issues regarding the additional properties. By order dated July 24, 1997 and docketed July 25, 1997, the trial court ordered that White demolish the property located at 3900 Girard Avenue. By separate order dated July 24, 1997 and docketed July 25, 1997, the trial court ordered that White was to commence abatement of the violations by way of repair or demolition. In that same order, the trial court also set a hearing to be held on September 16, 1997 to determine if White had complied with the order concerning the additional properties.

The trial court then conducted further hearings involving the additional properties on October 14 and 29, 1997, and November

---

1. The City's petition to amend the complaint did not have attached to it any document entitled "amended complaint."

12, 1997.[2] At these hearings testimony and evidence were received concerning the additional properties. As a result, the trial court issued orders directing White to repair or demolish the additional properties. After White did not comply with these orders, the trial court issued an order dated November 13, 1997 and docketed November 14, 1997, requiring that the properties located at 3901–3931 West Cambridge Street be demolished. White has appealed that order to this Court. That trial court's order concerned only the properties located at 3901–3931 West Cambridge Avenue and did not concern either the 3900 West Girard property (the subject of the complaint originally filed by the City) or the 3902 West Girard property.

■ White raises three issues for our review: (1) whether the trial court erred by accepting unsworn testimony as the basis for its November 13, 1997 order; (2) whether the trial court lacked subject matter jurisdiction over the West Cambridge Street properties because the City never filed an amended complaint with the prothonotary adding the properties; and (3) whether the proceedings before the trial court violated White's procedural due process rights.[3]

First, we will address White's issues one and three. White contends that the trial court erred by basing its order on unsworn testimony of the City's attorney, the witness from the Department of Licenses and Inspections, and White. White argues in his brief that he was the only witness ever sworn, and that was only at the July 22, 1997 hearing, and that the two others were never sworn at any hearing before giving testimony concerning the West Cambridge Street properties. White contends that this was in violation of 42 Pa.C.S. § 5901 which states "that every witness, before giving testimony shall take an oath in the usual or common form...." In addition, White argues that his right to procedural due process was violated in this case because the proceedings

below were unorthodox, confusing, disjointed, and inconsistent, and because the trial court judge was hostile towards him and prejudged the matter.

■ The City responds that White has failed to preserve these issues for this Court's review because he did not raise them before the trial court during the proceedings below. We must agree with the City.

The Pennsylvania Supreme Court has recently held that "it is axiomatic that in order to preserve a trial objection for review, the trial counsel is required to make a timely specific objection during trial." *National Union Fire Insurance Company v. Gateway Motels, Inc.* 551 Pa. 407, 710 A.2d 1127 (1998). Moreover, this Court held in *Duffy v. Department of Transportation, Bureau of Driver Licensing*, 694 A.2d 6, 11 (Pa.Cmwlth. 1997), that "the effective administration of justice ordinarily requires that a litigant who fails to raise at trial an available objection waives it on appeal."

A review of the record developed before the trial court reveals that neither White, while appearing *pro se*, nor his counsel when he began to appear on behalf of White, objected at any time to the taking of testimony from an unsworn witness or to the conduct of the hearings as being in violation of his due process rights. While White may be correct in his contention that witnesses must be sworn before giving testimony and that the record indicates that the trial judge had little patience with him, White failed to properly raise these issues before the trial court. Therefore, review of these issues by this Court has been waived.

Next, we will address White's contention that the trial court lacked subject matter jurisdiction over the West Cambridge Street properties. White contends that the trial court did not have subject matter jurisdiction over his West Cambridge Street properties because the City never filed an amended complaint with the prothonotary as required

---

2. It appears that the hearing which had been originally scheduled for September 16, 1997, was rescheduled. See trial court's docket entry on September 16, 1997 at 10:48, indicating "motion hearing rescheduled."

3. Our review in this case is limited to a determination of whether constitutional rights have been violated or whether the trial court abused its discretion or committed errors of law. *Miles v. Sweeney,* 154 Pa.Cmwlth. 184, 623 A.2d 407 (1993).

by Pa. R.C.P. No. 1007 adding these properties to the action. The City again argues that White's contention concerning subject matter jurisdiction has been waived because he failed to raise it during the proceedings before the trial court. Here, we must disagree with the City.

The Pennsylvania Supreme Court has held that jurisdiction is the legal right by which judges exercise their authority to decide cases and that jurisdiction of subject matter can never be waived by the parties. *Commonwealth of Pennsylvania v. McPhail,* 547 Pa. 519, 692 A.2d 139 (1997). This Court has also held that the question of subject matter jurisdiction can never be waived and that it may be raised at any stage in the proceedings or *sua sponte* by the court. *Pennsylvania National Guard v. Workmen's Compensation Appeal Board (Greenwood),* 63 Pa.Cmwlth. 1, 437 A.2d 494 (1981). Because the issue of subject matter jurisdiction can never be waived, we cannot conclude that White's failure to raise this issue before the trial court precludes us from examining the issue.

White contends that because the City never filed an amended complaint with the prothonotary adding the West Cambridge Street properties to the action, the trial court did not have subject matter jurisdiction over these properties. The City responds that amendments to pleadings are freely allowed under the rules of civil procedure and that the decision to grant or deny permission to amend is within the sound discretion of the court. Therefore, the City argues that the trial court did not err.

While the City is correct in its contention that amendments to complaints are permitted pursuant to Pa. R.C.P. No. 1033 by leave of court and that the decision about whether to allow an amendment is within the discretion of the trial court, *see Burger v. Borough of Ingram,* 697 A.2d 1037 (Pa. Cmwlth.1997), its argument is misplaced. Here, the trial court, in its discretion did grant the City leave to amend its complaint to include the West Cambridge Street properties. However, as White argues, it does not appear from the record that after the trial court granted the City leave to amend

its complaint that the City ever filed an amended complaint with the prothonotary. Moreover, unfortunately, the City fails to distinguish in personam jurisdiction from subject matter jurisdiction.

Pursuant to Pa. R.C.P. No. 1007, "An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." The Pennsylvania Supreme Court has stated that the language of Rule 1007 is clear and unambiguous, and its underlying purpose is to provide certainty as to the commencement of an action. Attempts to commence an action by means other than those allowed by Rule 1007 have consistently been rejected by the courts. *Burger,* 697 A.2d at 1040 (citations omitted).

In the present case, the trial court granted the City leave to amend its complaint to add new causes of action, *i.e.,* the 3902 West Gerard property and the 3901–3931 West Cambridge Street properties. However, the record, specifically the prothonotary's docket entries, indicates that the City did not file any amended complaint with the prothonotary in accordance with Pa. R.C.P. No. 1007, to add these new causes of action.

Even though the trial court had personal jurisdiction over White, the trial court cannot agree during hearings on other properties to permit amendments to the original complaint to add new causes of action on other unrelated properties without following Pa. R.C.P. No. 1007. To do so deprives that defendant of an opportunity to prepare and file preliminary objections or an answer in defense of his property. Merely because a defendant owns similar properties in the same square city block does not permit an action to be commenced, in effect, against all of his property by an oral motion and written petition without the defendant being served with an amended complaint, containing well-pleaded facts which has been properly filed with the prothonotary under Pa. R.C.P. No. 1007. Although Pa. R.C.P. No. 1007 only addresses the commencement of an action, any time a new cause of action is added to the already commenced action, it is equivalent to commencing a new action against the

defendant insofar as the new cause of action is alleged. Although the rules governing service of **original** process were not necessarily applicable in the instant case to serve an amended complaint because the court had already obtained personal jurisdiction over the defendant after service of the original complaint, an amendment to a complaint to add a new cause of action is in virtually the same position as an original complaint with respect to filing and the rules respecting pleadings, all of which were designed to assure not only that the court has subject matter jurisdiction, but also to insure that procedural due process is afforded the defendant. In addition, when the complaint is amended to add a new cause of action against the original defendant(s) (as opposed to adding a new defendant) before the statute of limitations expires, if the original defendant is represented by counsel, as White was here, the rules requiring service of original process by the sheriff do not apply and service of the amended complaint may be made on defendant's attorney of record. *See, e.g., Burger,* 697 A.2d at 1041 ("Furthermore the record in this case is devoid of evidence that Sergeant Bloom and Officer Plak [i.e., the defendants] were served with the amended complaint **or that their attorneys had accepted service on their behalf.**")(emphasis added); *Zalewski v. United Mine Workers,* 7 Pa. D. & C.3d 231, 233 (C.P. Northumberland 1978)("'the amended complaint need not be served in a manner which would independently give the court jurisdiction over [respondents].' Service of the amended complaint on respondents' counsel was sufficient."); Pa. R.C.P. No. 440(a); Standard Pa. Practice § 24:91.[4]

In *Hartmann v. Peterson,* 438 Pa. 291, 265 A.2d 127 (1970), the appellee attempted to bring an action in equity by a petition for a rule to show cause. The Court pointed out that Pa. R.C.P. No. 1007 did not allow for an action to be commenced by a petition for a rule to show cause. Therefore, the Pennsylvania Supreme Court reasoned that because the appellee did not file a formal complaint or summons as required by the rules of civil procedure the action should have been dismissed because it was not properly commenced in accordance with Rule 1007.

In *Burger,* 697 A.2d at 1037, this Court reached a similar decision to that of the Pennsylvania Supreme Court. In *Burger,* the plaintiff had been granted leave of court to file an amended complaint, but failed to file an amended complaint with the prothonotary to add new defendants and a new cause of action. This Court concluded that the trial court did not err when it did not find against the defendants that had not been named in the original complaint because the plaintiff had failed to file the amended complaint with the prothonotary in accordance with the rules.

According to the decisions in *Hartmann* and *Burger,* White's argument that the trial court did not have subject matter jurisdiction to rule on the West Cambridge Street properties has merit. Because the City did not file an amended complaint with the prothonotary pursuant to the rules, the action against the Cambridge Street properties was not properly commenced and should have been dismissed by the trial court. Since a new cause of action was added without filing an amended complaint, the trial court did not have the power to make any order concerning the West Cambridge Street properties. *See Hartmann,* 438 Pa. at 293, 265 A.2d at 128, and Pa. R.C.P. No. 1032.[5]

Accordingly, since the trial court below did not have subject matter jurisdiction over the West Cambridge Street properties at issue in this appeal, we must vacate the order of the trial court which ordered the demolition of those properties.

---

**4.** Thus, a new cause of action cannot also be added by an amended complaint after the statute of limitations has run. *Willett v. Evergreen Homes, Inc.,* 407 Pa.Super. 141, 595 A.2d 164 (1991), *petition for allowance of appeal denied,* 529 Pa. 623, 600 A.2d 539 (1991).

**5.** Pa. R.C.P. No. 1032—Waiver of Defenses, Exceptions. Suggestion of Lack of Subject Matter Jurisdiction or Failure to Join Indispensable Party, provides in relevant part:

> (b) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter ..., the court shall order that the action be transferred to a court of the Commonwealth which has jurisdiction ..., but if that is not possible, then it shall dismiss the action.

## *ORDER*

NOW, March 22, 1999, the order of the Court of Common Pleas of Philadelphia County, dated November 13, 1997, and docketed at May Term, 1997 NO. 1537, is vacated.

President Judge COLINS did not participate in the decision of this case.