COMMONWEALTH of Pennsylvania

v.

The **REAL PROPERTY AND IMPROVEMENTS KNOWN AS 2314 TASKER STREET PHILADELPHIA, PA 19145.**

**Appeal of Leslie Bey.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 15, 2012.

Decided May 28, 2013.

Lloyd Long, III, Philadelphia, for appellant.

Alison J. Guest, Assistant District Attorney, Philadelphia, for appellee.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Leslie Bey (Bey) appeals from the March 15, 2011 order of the Philadelphia County Court of Common Pleas (trial

court) granting the Commonwealth's forfeiture petition under the act commonly known as the Controlled Substances Forfeiture Act (Forfeiture Act).[1]

On February 20, 2006, a confidential informant (CI) returned to Officer Timothy Bogan (Officer Bogan) after purchasing narcotics at 2314 Tasker Street, Philadelphia, Pennsylvania (the property). Leslie Bey (Bey) is the administratrix of the estate that owns the property. The next day the police arrested a woman who identified herself as Leslie Atkins (Atkins), a/k/a Bey, and confiscated narcotics and $196.00 from her person. The police also confiscated a large number of pills, marijuana, and two pieces of mail addressed to Atkins. Further, the police recovered drug paraphernalia from the basement of the house. (Trial court op. at 1–3.)

On January 15 and 16, 2007, Officers Graham and Jones [2] conducted surveillance and observed the property being used as a means to facilitate drug sales. The officers resumed surveillance on January 23, 2007, where they observed several males conducting drug sales from the property, including a transaction with a CI. On January 25, 2007, the police arrested Darryl Whichard after he exited the property and recovered marijuana and $158.00 from his person. Shortly thereafter, the police arrested three more men at the property and confiscated marijuana, codeine, and drug paraphernalia from the property. The police also recovered a piece of mail addressed to Atkins. (Petition for Forfeiture at ¶¶ 3–8.)

On September 10, 2007, the Commonwealth filed a petition for forfeiture of the property based on the January 2007 violations of The Controlled Substance, Drug, Device, and Cosmetic Act (Controlled Substance Act).[3] (Reproduced Record (R.R.) at A20.) The trial court held a hearing with respect to this petition on February 9, 2011. At the hearing, the Commonwealth sought to proceed on an amended petition based on the February 2006 violations of the Controlled Substance Act and present the testimony of Officer Bogan. (Trial court op. at 3.) Bey's counsel objected to the amended forfeiture petition and Officer Bogan's testimony, stating that he had not received the amended forfeiture petition until the day of the hearing. (Notes of Testimony (N.T.), February 9, 2011, at 8–10.) The trial court, however, overruled the objection. (Trial court op. at 3.)

Officer Bogan testified that on February 20, 2006, he engaged in surveillance of the property and had a CI purchase narcotics at the property with prerecorded money. Officer Bogan stated that on the next day, pursuant to a search warrant, police recovered narcotics from inside the property and arrested a woman who identified herself as Atkins. (N.T. at 10–16.)

Assistant District Attorney Clarence Dupree (ADA Dupree) also testified for the Commonwealth and stated that he gave a copy of the amended forfeiture petition to Bey's counsel on or before June 8, 2010, when they were originally scheduled to be heard on this matter.[4] ADA Dupree testified that he handed the amended forfeiture petition in person to Bey's counsel. ADA Dupree stated that he told Bey's counsel that he was going to

---

1. 42 Pa.C.S. §§ 6801–6802.

2. The full names of Officers Graham and Jones are not in the record.

3. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101–780–144.

4. A trial was scheduled on this matter before Judge Frank Palumbo on June 8, 2010, at 9:00 a.m. but was moved to September 8, 2010, at 9:00 a.m. (R.R. at A58.)

appear before the trial court to have the judge sign the amended petition, and Bey's counsel indicated that he could not stay for the appearance. ADA Dupree further testified that there was no clerk available at that time to place an official court seal on the amended forfeiture petition. ADA Dupree admitted that he never mailed the amended forfeiture petition to Bey's counsel. (N.T. at 19–22.) The trial court granted leave to amend, but the petition was never filed.

Following the hearing, the trial court concluded that the Commonwealth proved by a preponderance of the evidence that a nexus existed between the violations of the Controlled Substance Act and the property based on the CI's February 20, 2006 purchase of narcotics from the property. The trial court also noted a stipulation between counsel that the value of the property was $50,000 and the maximum value of the permitted fine for the drug violations was $250,000. However, the trial court held the case under advisement to allow Bey's counsel time to provide the trial court with case law concerning the statute of limitations for forfeiture proceedings, estate beneficiaries as innocent owners, and laches. At a subsequent hearing on March 15, 2011, Bey's counsel did not produce any case law regarding these issues, and by order of the same date, the trial court granted the Commonwealth's forfeiture petition. (R.R. at A33.)

5. In relevant part, Pa.R.C.P. No. 1033 provides: "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading."

6. "Your Honor, we have the amended petition. [Bey's counsel] will show the copy that I gave him, [Bey's] signature is on that amended petition." (N.T. at 9.)

7. The trial court also noted that Bey failed to produce any case law concerning a statute of

On October 31, 2011, the trial court issued an opinion in support of its order. With respect to the Commonwealth's amended petition, the trial court observed that the Forfeiture Act addresses the form and service of forfeiture actions but does not specifically provide for amendments to forfeiture petitions. The trial court determined that it was appropriate to fill this "gap" by relying on the Pennsylvania Rules of Civil Procedure. The trial court noted that Pa.R.C.P. No. 1033 allows a party to amend a pleading at any time by leave of court[5] and observed that Bey did not object to the trial court's ruling granting such leave to the Commonwealth in her Statement of Errors on Appeal. (Trial court op. at 5, 6.)

Next, noting that an amended petition supersedes and invalidates an original petition, *see Reichert v. TRW, Inc.,* 531 Pa. 193, 198–99, 611 A.2d 1191, 1193–94 (1992) (holding that an amended complaint supersedes the original complaint for purposes of a default judgment), the trial court concluded that the question of proper service was governed by section 6802(b) of the Forfeiture Act. The trial court relied on statements by Assistant District Attorney Rachel Williams (ADA Williams) that Bey was personally served with the amended petition[6] to find that the amended petition had been properly served.[7] (Trial court op. at 6–7.)

limitations for property forfeitures and observed that a statute of limitations does not apply to the Commonwealth unless specifically provided by the statute. *Commonwealth v. J.W. Bishop & Co.,* 497 Pa. 58, 60, 439 A.2d 101, 101 (1981). The trial court also determined that Bey failed to carry her heightened burden of proving laches against the Commonwealth, because she presented no evidence in support thereof. (Trial court op. at 7–8.)

Next, the trial court concluded that the Commonwealth carried its burden of proving there was a nexus between the property and the violations of the Controlled Substance Act by a preponderance of the evidence.[8] Citing the credible testimony of Officer Bogan, the trial court further determined that Bey failed to satisfy her burden of proving the affirmative innocent owner defense.[9] The trial court noted that Bey failed to prove that she was an innocent owner because she was arrested at the property with narcotics on her person, additional narcotics were found at the property, and the CI had purchased narcotics from the property. The other beneficiaries failed to assert an innocent owner defense, and Bey's counsel, who also claimed to represent all of the beneficiaries, failed to present any case law stating that beneficiaries are innocent owners by operation of law.[10] (Trial court op. at 9–11.)

On appeal to this Court,[11] Bey argues that the trial court erred by proceeding upon an amended forfeiture petition that was not properly filed and that the Commonwealth failed to establish a nexus between the violations of the Controlled Substance Act and the property. We agree with Bey that the trial court erred in permitting the Commonwealth to proceed on the basis of the amended forfeiture petition.[12]

As the trial court correctly observed, the Forfeiture Act sets forth the procedural requirements for a forfeiture petition. In relevant part, section 6802 of the Forfeiture Act provides as follows:

8. In a forfeiture proceeding, the Commonwealth initially has the burden to prove a nexus between the unlawful activity and the property. *Commonwealth v. $9,000 U.S. Currency*, 8 A.3d 379, 384 (Pa.Cmwlth.2010). The Commonwealth must establish the nexus by a preponderance of the evidence. *Commonwealth v. $6,425.00 Seized from Esquilin*, 583 Pa. 544, 555, 880 A.2d 523, 529 (2005). Preponderance of the evidence is tantamount to a "more likely than not" standard. *Id.* Moreover, circumstantial evidence is sufficient to prove the nexus. *Id.* at 555–56, 880 A.2d at 530.

9. Once the Commonwealth proves a nexus between unlawful activity and a property, the owner of the property bears the burden to assert an "innocent owner defense" under section 6802(j) of the Forfeiture Act, 42 Pa. C.S. § 6802(j). *Commonwealth v. $2,523.48 U.S. Currency*, 538 Pa. 551, 555, 649 A.2d 658, 660 (1994). Section 6802(j) of the Forfeiture Act allows the property owner to argue that she either lacked knowledge of, or did not consent to, the unlawful activity that occurred at the property. 42 Pa.C.S. § 6802(j). In order to successfully assert the innocent owner defense, the property owner must show that: (1) she is the owner of the property, (2) she lawfully acquired the property, and (3) the property was not unlawfully used or possessed by her. *Id.* Further, if a person other than the property owner unlawfully used or possessed the property, the property owner must show that the unlawful use or possession was without her knowledge or consent. *Id.*

10. Lastly, the trial court concluded that Bey failed to demonstrate that the forfeiture constituted an excessive fine. For a forfeiture to be an excessive fine, the forfeiture of the property must be grossly disproportional to the gravity of the offense. *Commonwealth v. 5444 Spruce Street*, 574 Pa. 423, 432, 832 A.2d 396, 401 (2003). The trial court found that, because the parties stipulated the maximum fine for the violations to be $250,000.00 and the value of the property to be $50,000.00, the forfeiture of the property was not grossly disproportionate to the gravity of the offense. (Trial court op. at 11–13.)

11. We note that this Court initially dismissed Bey's appeal for failure to submit a timely statement of matters complained of on appeal under Pennsylvania Rule of Appellate Procedure 1925(b). However, by order dated September 14, 2011, this Court subsequently granted Bey's motion for reconsideration and reinstated her appeal. (R.R. at A39.)

12. Based on this determination, we need not reach the additional issue of nexus.

**(a) General procedure.**—The proceedings for the forfeiture or condemnation of property, the sale of which is provided for in this chapter, shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant. A petition **shall be filed** in the court of common pleas of the judicial district where the property is located, verified by oath or affirmation of an officer or citizen, containing the following:

> (5) An allegation that the property is subject to forfeiture pursuant to section 6801(a) (relating to controlled substances forfeiture) or 6801.1(a) (relating to terrorism forfeiture) and an averment of material facts upon which the forfeiture action is based.

> \*   \*   \*

**(b) Notice to property owners.**—A copy of the petition required under subsection (a) shall be served personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure.

42 Pa.C.S. § 6802(a), (b) (emphasis added).

█ Because the Forfeiture Act is silent on the procedural requirements for amendments, the trial court determined that it properly granted leave for the Commonwealth to amend the petition under Pa.R.C.P. No. 1033. However, subsequent to the trial court's opinion, this Court held in *Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 University Drive*, 61 A.3d 1048 (Pa.Cmwlth.2012) (plurality), that the Pennsylvania Rules of Civil Procedure do not apply to forfeiture proceedings under the Forfeiture Act. Based on *605 University Drive*,[13] we conclude that the Pennsylvania Rules of Civil

Procedure do not apply to permit amendment of the forfeiture petition in this case.

"The Forfeiture Act establishes a very specific procedure that must be followed in order for seized property to be forfeited to the Commonwealth," *id.* at 1053, and the record lacks any evidence of the Commonwealth ever filing an amended petition with the trial court, which is required under section 6802(a) of the Forfeiture Act.

We addressed a similar situation in *City of Philadelphia v. White*, 727 A.2d 627 (Pa.Cmwlth.1999). In *White*, the City filed a complaint for an injunction against the defendant to repair or demolish the defendant's property because it presented a threat to public safety. At the hearing with respect to this property, the City also sought to have the same injunction awarded against additional properties owned by the same defendant. The trial court granted the City leave to amend the petition to include these additional properties. While the docket entries did not indicate the date the City filed its amended petition, the trial court accepted the amended petition, the certified record contained the amended petition, and the City properly served the amended petition upon the defendant. However, the City never filed the amended petition with the prothonotary. At later hearings, the trial court ordered all of the defendant's properties demolished.

On appeal to this Court, the City argued that the trial court properly granted leave to amend the petition pursuant to Pa. R.C.P. No. 1033. However, this Court concluded that, while the trial court properly followed Pa.R.C.P. No. 1033, it erred in allowing the City to proceed with the amended petition without first filing it with

---

**13.** "The general rule followed in Pennsylvania is that we apply the law which is in effect at the time of the appellate decision...." *5708 K & T, Inc. v. Pennsylvania Liquor Control Board*, 951 A.2d 1232, 1237 (Pa.Cmwlth. 2008).

the prothonotary in accordance with Pa. R.C.P. No. 1007. We stated that:

> Although Pa. R.C.P. No. 1007 only addresses the commencement of an action, any time a new cause of action is added to the already commenced action, it is equivalent to commencing a new action against the defendant insofar as the new cause of action is alleged.... [A]n amendment to a complaint to add a new cause of action is in virtually the same position as an original complaint with respect to filing and the rules respecting pleadings, all of which were designed to assure not only that the court has subject matter jurisdiction, but also to insure that procedural due process is afforded the defendant.... [T]he action ... was not properly commenced and should have been dismissed by the trial court.

*Id.* at 630–31.

■ Similar to the situation in *City of Philadelphia,* section 6802(a) of the Forfeiture Act requires the Commonwealth to file a petition with the appropriate common pleas court to initiate forfeiture proceedings. Having determined that the Rules of Civil Procedure do not apply to permit amendment, the Commonwealth was required to file the second petition in accordance with section 6802(a) of the Forfeiture Act. In *City of Philadelphia,* we held that the trial court lacked subject matter jurisdiction because the City failed to file the amended petition with the prothonotary pursuant to the rules on commencing a civil action. Likewise, we conclude that the trial court in this case lacked subject matter jurisdiction because the Commonwealth failed to file the amended forfeiture petition with the trial court. As we stated in *605 University Drive,* 61 A.3d at 1054, because statutes authorizing forfeitures impose fines attendant to criminal action, "forfeitures are

not favored under the laws of the Commonwealth and statutes authorizing forfeiture are strictly construed against the Commonwealth."

Accordingly, we are constrained to reverse.

### ORDER

AND NOW, this 28th day of May, 2013, the March 15, 2011 order of the Philadelphia County Court of Common Pleas is hereby reversed.

DISSENTING OPINION BY Judge McGINLEY.

I must respectfully dissent for the same reasons stated in my Dissent to the Plurality's decision in *Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 University Drive,* 61 A.3d 1048 (Pa. Cmwlth.2012).

I believe that, in keeping with decades of prior case law, the Rules of Civil Procedure must, by necessity, apply to the Forfeiture Act whenever doing so will: (1) not conflict with any provision of the Forfeiture Act; and (2) facilitate the orderly, fair and efficient course of proceedings and disposition of the matter. *Commonwealth v. $8,006.00 U.S. Currency Seized from Carter,* 166 Pa.Cmwlth. 251, 646 A.2d 621 (1994) (holding discovery rules apply to civil forfeiture proceedings); *Commonwealth v. One 1991 Cadillac Seville VIN 1G6CD53B9M4342561,* 853 A.2d 1093 (Pa. Cmwlth.2004) (holding Rules of Civil Procedure are appropriate in determining what constitutes proper service by certified mail).

The present controversy presents a perfect example of the confusion which may occur when the Forfeiture Act is silent on a procedure-related subject and the parties and courts are left without guidance on the conduct of proceedings. The bench

and bar will be forced, as the Majority did here, to manipulate the wording of the Forfeiture Act to achieve that which has already been provided by the Civil Rules.

Clearly, Section 6802(a) of the Forfeiture Act governs the *initiation* of forfeiture action by petition. Yet, the Majority interprets that to mean that the Commonwealth may amend its *original* petition at any time so long as it is filed. Nowhere in Section 6802(a) is the word "amendment" mentioned or even implied. The obvious and more practical approach would simply be to: (1) recognize that the Forfeiture Act does not address every procedural aspect of a forfeiture proceeding; and (2) consult the Rules of Civil Procedure to fill a "gap."

Prior to *605 University Drive*, our courts consistently employed this practice in order to provide the parties with a full and fair opportunity to present evidence in support of their respective positions. Because I believe that the Majority's decision perpetuates the fallacy of *605 University Drive* I am unable to join.