In Re: Exception to Return of Tax Claim Bureau to 1975 Tax Sale by I & M Investments, Inc. I & M Investments, Inc., Appellant.

Argued February 3, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Norman M. Yoffe,* with him *Yoffe & Ernico, Inc.,* for appellant.

*Carl G. Wass,* with him *Caldwell, Clouser & Kearns,* for appellee.

OPINION BY JUDGE WILKINSON, March 8, 1977:

On September 8, 1975, Dauphin County Tax Claim Bureau (Bureau) offered a property for sale for de-

linquent 1973 taxes. On that date, prior to the start of the sale, the Bureau received an uncertified check from the owner, but due to what it considered to be the more pressing business of the tax sale, none of the mail, including the envelope with the owner's uncertified check in it, was opened until the sale was completed. On that date there was not sufficient money in the account against which the check was drawn to honor the check if presented. In fact, the check was not presented for payment by the Bureau until October 27, 1975, at which time it was honored, albeit a small overdraft was created.

When the property was put up for sale appellant was the high bidder. It presented an uncertified corporate check for the amount of the bid. The Bureau held both checks until about October 27, 1975, when it presented the taxpayer's check. On October 29, 1975, the Bureau filed its return of the sale but did not include the subject property. Appellant filed exceptions to the return and obtained a Rule to Show Cause why the subject property should not be confirmed as a sale to appellant and a deed tendered.

The terms of the sale were advertised as:

TERMS OF SALE: Cash or certified check payable to 'COUNTY OF DAUPHIN' at time property is struck down. Personal check received subject to final payment and at risk of the payer.

This would seem to be contrary to the provisions of Section 606 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.606 which provides:

The purchaser of any property at any such sale shall, as soon as the property is struck down, pay to the bureau the entire purchase money. In case said amount is not so paid, the sale shall be voided and the property shall be put up again at the same sale.

Appellant argues that the legislature could not have been so impractical as to have required the purchaser to have cash or obtain a certified check and tender it before the sale ended. It would seem that is exactly what was intended; otherwise how could the property be put up again at the same sale if an uncertified check was dishonored?

We need not decide that question in this case for the Bureau elected to present the owner's uncertified check in payment of the delinquent taxes and it was honored. Thus, the delinquent taxes were paid by the owner prior to the entire purchase money being paid by the purchaser. To this extent it might be said that this was one of the "risks of the payer" referred to in the Terms of the Sale, *supra*.

It is quite clear that the mere presentation of an uncertified check does not constitute payment of the taxes by the owner nor payment of the entire purchase money by the purchaser. *Douglass v. Grace Building Co., Inc.*, 22 Pa. Commonwealth Ct. 174, 348 A.2d 435 (1975). Even the dissenting judges in *Douglass* agreed on this.

It seems appropriate to conclude by quoting from Judge LIPSITT's opinion in the court below:

> In view of this discussion and the fact that the TCB [Tax Claim Bureau] did not return the sale and no deed was delivered and the money was in fact received, the circumstances as presented call for a resolution of the dispute favorable to the owner rather than effecting a forfeiture of property. :

Accordingly, we will enter an order affirming the lower court's order discharging the rule issued upon the Tax Claim Bureau to show cause why the sale should not be confirmed to I & M Investments, Inc. and a deed tendered for the premises at 398 Second Street, Highspire, Pa.

### ORDER

Now, March 8, 1977, the order of the Court of Common Pleas of Dauphin County, dated April 7, 1976, discharging the rule issued upon the Tax Claim Bureau to show cause why the sale should not be confirmed to I & M Investments, Inc. and a deed tendered for the premises at 398 Second Street, Highspire, Pa., is affirmed.