C. Everett, Inc., Appellant *v.* Tax Claim Bureau, Thomas J. Krause, Appellee.

Argued April 8, 1985, before Judges MACPHAIL, DOYLE and PALLADINO, sitting as a panel of three.

*Edwin E. Thompson,* with him, *Alfred O. Breinig, Jr.,* for appellant.

*Richard A. Cohn,* Assistant County Solicitor, with him, *Frederick J. Lanshe,* for appellee.

Opinion by Judge Doyle, June 13, 1985:

This is an appeal from an opinion and order of the Court of Common Pleas of Lehigh County which dismissed the exceptions of C. Everett, Inc., (Everett) to a 1980 upset sale conducted by the Lehigh County Tax Claim Bureau (Bureau).

On October 21, 1980, Everett, through its agent, attorney Alfred O. Breinig, Jr., attempted to purchase a property at an upset sale. Breinig bid the upset price ($4,300.27) and no other bids were offered. The subject property was knocked down to Breinig and he offered payment by personal check; this mode of payment was rejected by the Bureau.[1] This bidding process was immediately repeated and again Breinig's check was rejected. The property was then exposed a third time and Breinig agreed not to bid; no other bids were offered and the sale was concluded. After the sale's conclusion Breinig returned with a certified check which was rejected as untimely. The property was sold on November 25, 1980 to one Thomas J. Krause. Breinig had actual notice that the subject property would be offered for sale on that date. Everett filed exceptions to the confirmation nisi of the sale of the property to Krause. The trial court dismissed the exceptions and this appeal ensued.

We must decide whether one who attempts to purchase property at an upset sale by bidding the upset price and tendering a personal check, which check is rejected as an improper method of payment, has standing to file exceptions to a court confirmation of the later sale of that property to another party. Section 607 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.607 (Law)

---

[1] Published notice of the tax sale stated that "the purchaser shall pay the entire purchase money as the property is struck down in the form of CASH, MONEY ORDER or CERTIFIED CHECK."

provides that exceptions to the court's confirmation nisi "may be filed by any owner or lien creditor within sixty (60) days after the date of return, otherwise the return will be confirmed absolutely." The Bureau maintains that Everett was not an owner or lien creditor and therefore lacked standing to file exceptions. Section 102 of the Law defines owner to mean:

[T]he person in whose name the property is last registered, if registered according to law, and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; as to property having been turned over to the bureau by any county, "owner" shall mean the county.

72 P.S. §5860.102.

The question of whether a *successful* bidder at a tax upset sale has standing to file exceptions has already been decided by this Court. In *In Re: Report of Richard E. Kidd,* 24 D. & C. 3d 528 (1981) Judge JOHN W. KELLER held that a *successful* bidder did not have standing to file exceptions under Section 607 of the Law. This Court in *L. Marra Real Estate Appeal,* 73 Pa. Commonwealth Ct. 85, 457 A.2d 231 (1983) affirmed on the opinion of Judge KELLER.

It is clear from the record in the instant case, litigated by an *unsuccessful* bidder, that the standing issue was properly raised before the trial court (although that court made no specific ruling on this issue) and has been preserved on appeal. Accordingly, *L. Marra* is controlling and Everett has no standing to file exceptions.[2] The order of the trial court dismissing Everett's exceptions is affirmed.

---

[2] Because of our disposition of this matter we do not reach the merits.

ORDER

Now, June 13, 1985, the order of the Court of Common Pleas of Lehigh County, No. 80-C-3489, dated June 21, 1982 is hereby affirmed.