IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Seneca Leandro View LLC, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 388 C.D. 2020 |
| | : | Argued: February 8, 2021 |
| Lycoming County - Tax Claim Bureau | : | |
| | : | |
| In Re: Consolidation Return of the | : | |
| Tax Claim Bureau of Lycoming | : | |
| County From the September 11, 2019 | : | |
| Upset Sale for Delinquent Taxes | : | |

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: July 22, 2021

Seneca Leandro View, LLC (Appellant) appeals from an order of the Court of Common Pleas of Lycoming County (trial court) denying its Motion for Leave to Amend Pleading (Motion to Amend) and dismissing its Petition of Upset Tax Sale Objections and Exceptions (Exceptions) on the grounds of notice, undue prejudice, and surprise. Appellant argues that the trial court erred or abused its discretion by denying its Motion to Amend and dismissing its Exceptions. For the reasons that follow, we affirm.

## I. Background

Appellant is a California limited liability company authorized to do business in the Commonwealth. On November 7, 2019, following the Lycoming County Tax Claim Bureau's (Bureau) 2019 Lycoming County Upset Tax Sale held on September 11, 2019 (2019 Sale), Appellant filed Exceptions challenging the bidding process and alleging certain irregularities in the Bureau's administration of the 2019 Sale. Specifically, Appellant challenged the Bureau's sale of tax parcel no. 37-0020-0414, a single-family residence located at 211 Sherman Street, Muncy, Pennsylvania, 17756 (Muncy Property), to Edward Lyons (Lyons). Appellant alleged that the Bureau required each bidder to qualify/register for the 2019 Sale in advance by providing certain bidder information and receiving a bidder number to participate in the auction-style sale. Appellant alleged that its agent at the 2019 Sale, Alvin Cox (Cox), satisfied the preregistration requirement, but Lyons had not. The Bureau awarded the parcel to Lyons despite his failure to preregister for the 2019 Sale and obtain a bidder number. Appellant claimed that the award constituted a violation of the Real Estate Tax Sale Law (RETSL).[1] As for relief, Appellant requested the disqualification of Lyons in favor of the next highest bidder, Cox. Alternatively, Appellant requested that the sale be stricken and the Muncy Property be re-exposed at the next upset sale.

The trial court heard argument on the Exceptions on December 9, 2019, at which time the parties agreed to grant Lyons' motion to intervene. The trial court then scheduled an evidentiary hearing on the Exceptions for January 13, 2020.

On January 6, 2020, Appellant filed a Motion to Amend. In the Motion, Appellant asserted that it had misidentified the relevant purchaser and property in its

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

2

Exceptions. According to Appellant, it did not realize its mistake until after the Bureau provided Appellant with a copy of the "Sale Masterlist," which identified all of the registered bidders present at the 2019 Sale. Appellant asked to amend its pleading to reflect that the correct purchaser is Devon Buck (Buck), principal of DC Landscaping, LLC (DC Landscaping),[2] and the correct property is tax parcel no. 26-0170-0317, located in Loyalsock Township (Loyalsock Property). Otherwise, the cause of action remained the same in all other respects.

The trial court denied Appellant's Motion to Amend. The trial court explained that a party may amend its pleadings to add a party or correct the name of the party when that party consents or by leave of court. Pa. R.C.P. No. 1033(a). "Amendments are to be liberally permitted except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law." Trial Court Op., 1/28/20, at 2 (quoting *Burger v. Borough v. Ingram*, 697 A.2d 1037, 1041 (Pa. Cmwlth. 1997)). Pursuant to the RETSL, a party wishing to challenge an upset sale may do so by filing exceptions or objections within 30 days after the trial court has entered a confirmation nisi. Section 607(b) of the RETSL, 72 P.S. §5860.607(b). While Appellant timely filed Exceptions to the sale of the Muncy Property to Lyons, it did not do so with regard to the sale of the Loyalsock Property to Buck/DC Landscaping. The first instance that DC Landscaping received notice of a claim against it was when Appellant filed the Motion to Amend, approximately two months after the statutory period for filing objections and exceptions had expired. Appellant's failure to properly identify the correct parcel

---

[2] We note that DC Landscaping attempted to participate in the appeal by joining in the Bureau's brief and appearing before this Court at oral argument. Appellant objected to DC Landscaping's participation. Because DC Landscaping did not intervene in the proceedings below and is not a proper party in this appeal, we did not permit DC Landscaping to participate in oral argument. *See* Pa. R.A.P. 908.

and purchaser was the result of its own error. Upon determining that the allowance of the amendment would result in undue surprise and prejudice to DC Landscaping, the trial court denied the Motion to Amend. Because Appellant conceded that it has no claim against either the Bureau or Lyons regarding the sale of the Muncy Property, the trial court dismissed Appellant's Exceptions. This appeal now follows.[3]

## II. Issues

Appellant argues that the trial court erred by denying its Motion to Amend without considering application of Rule 1033(b) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1033(b) (Rule 1033(b)), which affords a 90-day extension of the 30-day appeal period.[4] Appellant also contends that the trial court erred by dismissing its Exceptions, which included a claim against the Bureau for an

---

[3] In tax sale cases, this Court's review is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision without supporting evidence. *Maya v. County of Erie Tax Claim Bureau*, 59 A.3d 50, 54 n.2 (Pa. Cmwlth. 2013). "An abuse of discretion exists where the judgment exercised by the trial court is manifestly unreasonable or is the result of partiality, prejudice, bias or ill will." *Burger*, 697 A.2d at 1040 n.3.

[4] "Generally, the Pennsylvania Rules of Civil Procedure do not apply to statutory proceedings brought under the [RETSL]." *Battisti v. Tax Claim Bureau of Beaver County*, 76 A.3d 111, 115 (Pa. Cmwlth. 2013). Nevertheless, "[t]he procedures in Section 607 [of the RETSL] direct that '[i]n case any objections or exceptions are filed they shall be disposed of according to the practice of the court.' 72 P.S. § 5860.607(d)." *Id.* at 114-15. Because Rule 1033 was cited in the proceedings before the trial court and in this appeal without objection, and because its provisions were relied upon by the trial court in its disposition of the petition filed in this matter, we will assume for purposes of addressing the claims raised in this appeal that the practice of the trial court includes the application of Rule 1033 in disposing of petitions filed under the RETSL. *See, e.g.*, *Nguyen v. Delaware County Tax Claim Bureau*, 244 A.3d 96, 107 n.8 (Pa. Cmwlth. 2020) ("For example, some counties utilize standing orders or local rules to specify the procedures for petitions challenging an upset tax sale. If a court of common pleas chooses to have the Pennsylvania Rules of Civil Procedure apply to this type of statutory proceeding, it can certainly make that known through a standing order or a local rule.").

irregularity at the 2019 Sale when the Bureau failed to follow its own preregistration protocol and denied or disregarded an objection made during the sale.

## III. Discussion
## A. Motion to Amend

First, Appellant argues that the trial court erred or abused its discretion when it denied its Motion to Amend. Although Appellant did not realize that it had identified the incorrect property and purchaser in its Exceptions until after the 30-day statutory period ended, the trial court's denial of the Motion to Amend is manifestly unreasonable under the circumstances. The trial court failed to consider Rule 1033(b) when ruling on the Motion. The RETSL's 30-day appeal period may be extended up to 90 days by operation of Rule 1033(b) when the party knew or should have known, but for a mistake in the identity of the party and parcel, that litigation would be brought against it. DC Landscaping knew or should have known it was the proper party to the suit. DC Landscaping, through its agent Buck, failed to register for the 2019 Sale, which was a prerequisite for participation. Buck was the successful bidder, but Appellant's agent lodged an objection to the sale. Under the circumstances, DC Landscaping knew or should have known that litigation may follow based on the objection, and it should not have been unduly surprised or prejudiced by the Motion to Amend. From the date that Appellant filed its Exceptions on November 7, 2019, to January 13, 2020, when the trial court dismissed the action, the total time elapsed was 68 days – well within the 90-day period to amend under Rule 1033(b). Therefore, the trial court should have permitted Appellant to amend its Exceptions accordingly and decided this matter on the merits.

Section 607 of the RETSL provides that an objection challenging a sale conducted under the law must be filed within 30 days of the trial court's issuance of confirmation by decree nisi. 72 P.S. §5860.607. Specifically, Section 607(a) and (c) states in relevant part:

> (a) . . . Within thirty (30) days of presentation of the consolidated return, if it shall appear to said court that such sale has been regularly conducted under the provisions of this act, the consolidated return and the sales so made shall be confirmed nisi. . . .
>
> * * *
>
> (c) In case no objections or exceptions are filed to any such sale within thirty (30) days after the court has made a confirmation nisi, a decree of absolute confirmation shall be entered as of course by the prothonotary.

72 P.S. §5860.607(a), (c).

The RETSL's 30-day appeal period may be extended up to 90 days by operation of Rule 1033(b), which provides:

> (b) An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, *within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.*

Pa. R.C.P. No. 1033(b) (emphasis added).

"The decision about whether to allow an amendment is within the discretion of the trial court, but such discretion is not unfettered." *Burger*, 697 A.2d at 1041. "Amendments are to be liberally permitted except where surprise or

6

prejudice to the other party will result, or where the amendment is against a positive rule of law." *Id.* However,

> [the courts] will not permit the amendment of a complaint, after the statute of limitations has run, *to bring a new and distinct party into an action*. *Gilbert v. School District of Philadelphia*, [511 A.2d 258 (Pa. Cmwlth. 1986)]. Our Supreme Court has stated that if the effect of an amendment to a complaint is to correct the name under which the right party has been sued, then the amendment will be permitted. *Saracina v. Cotoia*, [208 A.2d 764 (Pa. 1965)]. *However, if the effect of an amendment is to bring in a new party, then it will be refused. Id.*

697 A.2d at 1041 (emphasis added); *accord Girardi v. Laquin Lumber Co.*, 81 A. 63, 64 (Pa. 1911). In other words, "[i]f the right party was in court as the result of service of process and it was merely his or its designation which was sought to be changed," the courts are prone to permit the amendment. *Saracina*, 208 A.2d at 766.

For example, in *Girardi*, an action was timely brought against Laquin Lumber Company, a corporation. "The amendment proposed was to name as defendant a partnership, composed of six persons, trading as the Laquin Lumber Company." *Girardi*, 81 A. at 64. The Supreme Court determined that the allowance of the amendment would have brought new parties on the record after the statute of limitations had run, which is not permitted. *Id.* The Court explained that only "[i]f the effect of the amendment is to correct the name under which the right party is sued," will it be allowed; "if it is to bring in a new party, it will be refused." *Id.*

In *Waugh v. Steelton Taxicab Co.*, 89 A.2d 527 (Pa. 1952), the amendment was permitted. There, the plaintiff had brought a trespass action against "Steelton Taxicab Company, a corporation." *Id.* at 527. After the statute of limitations had expired, the plaintiff learned that the "Steelton Taxicab Company" was not a corporation but a fictitious name used by Anthony Kosir. *Id.* The trial

7

court denied the plaintiff's motion to amend the complaint to substitute as defendant the name of "Kosir trading and doing business as the Steelton Taxicab Company." *Id.* at 528. On appeal, the Supreme Court reversed, upon determining that "the correct agency charged with responsibility was served, even though under a wrong name," and that the naming of Kosir would not bring in a "new party," but would merely correct the name of a party already on the record. *Id.*

Here, on October 8, 2019, the trial court entered a decree nisi confirming all sales at the 2019 Sale. Reproduced Record (R.R.) at 1a. No objection was filed to the Loyalsock Property within the statutory 30-day period. Neither Buck nor DC Landscaping were named as defendants in the Exceptions, nor were they served with the Exceptions. Although Appellant filed timely Exceptions, the exceptions pertained exclusively to the sale of the Muncy Property to Lyons. Because the sale of the Loyalsock Property was not timely challenged, a deed was executed and issued to DC Landscaping for the Loyalsock Property on December 2, 2019. R.R. at 59a.

It was not until January 6, 2020, when Appellant filed its Motion to Amend, that Appellant attempted to redirect its objection to DC Landscaping's purchase of the Loyalsock Property.[5] At the time that Appellant filed its Motion to Amend, the statute of limitations under the RETSL had expired. Appellant's Motion to Amend did not seek to merely correct the name of the party but to add a "new party" to the suit – DC Landscaping. Appellant did not obtain DC Landscaping's consent and therefore sought leave of court to make the amendment.

---

[5] Even during oral argument heard by the trial court on December 9, 2019, Appellant raised no issues regarding the sale of the Loyalsock Property or whether Buck/DC Landscaping acted as an unregistered purchaser at the sale. *See* R.R. at 105a-12a.

8

The trial court determined that to allow such an amendment after the 30-day statutory period had run would result in undue surprise or prejudice to DC Landscaping. Contrary to Appellant's assertions, the trial court considered Rule 1033(b)'s "relation back" principle in its determination. *See* Trial Court Op., at 2 n.7. DC Landscaping was not originally served with the Exceptions. The first instance that DC Landscaping received notice of a claim against it was when Appellant filed the Motion to Amend. There was no evidence that DC Landscaping had any notice of the litigation prior to January 2020. Although DC Landscaping, through its agent Buck, knew or should have known an objection was lodged at the 2019 Sale, and may have even anticipated the possibility of litigation, once the statutory appeal period ran and the Loyalsock Property was deeded to DC Landscaping without objection, there was no basis upon which to conclude that DC Landscaping knew or should have known that Appellant's Exceptions filed with regard to Lyons' purchase of the Muncy Property actually pertained to DC Landscaping's purchase of the Loyalsock Property. Neither the Loyalsock Property nor DC Landscaping were mentioned in any way within Appellant's original Exceptions. "The effect of allowing an amendment in this case would be to introduce a new party after the statute of limitations has run and, in effect, to modify the statute of limitations which this Court cannot and should not do." *Saracina*, 208 A.2d at 766. Upon review, the trial court did not err or abuse its discretion by denying Appellant's Motion to Amend.

**B. Exceptions**

Next, Appellant contends that the trial court erred or abused its discretion when it dismissed Appellant's Exceptions. Under Section 607(d) and (g) of the RETSL, 72 P.S. §5860.607(d), (g), objections and exceptions may be filed

9

contesting the regularity of the sale. Appellant's Exceptions, as filed, clearly alleged an irregularity of the 2019 Sale when the Bureau's auctioneer accepted a bid from a nonregistered bidder over Appellant's objection. The Bureau's auctioneer was asked to determine the objection, which he either failed to determine or erroneously determined. Despite Appellant's objection, the Bureau's auctioneer presented the accepted bid to the trial court for confirmation by decree nisi. Appellant's Exceptions went straight to the heart of the regularity of the sale and the determination of the objection. The trial court should have considered Appellant's Exceptions as to the regularity of the sale. While recognizing statutory standing constraints as set forth in *C. Everett, Inc. v. Tax Claim Bureau*, 494 A.2d 52 (Pa. Cmwlth. 1985), Appellant contends that equitable principles should permit this action. Otherwise, there are no enforceable rules governing the conduct of upset tax sales.

Section 607 of the RETSL governs the process for filing objections or exceptions. Section 607(b) provides that "objections or exceptions thereto *may be filed by any owner or lien creditor within thirty (30) days* after the court has made a confirmation nisi of the consolidated return or that the return will be confirmed absolutely." 72 P.S. §5860.607(b) (emphasis added). In addition, Section 607(d) and (g) provides:

> (d) *Any objections or exceptions to such a sale may question the regularity or legality of the proceedings of the bureau in respect to such sale*, but may not raise the legality of the taxes on which the sale was held, of the return by the tax collector to the bureau or of the claim entered. In case any objections or exceptions are filed they shall be disposed of according to the practice of the court. If the same are overruled or set aside, a decree of absolute confirmation shall be entered by the court.

10

(g) If no objections or exceptions are filed or if objections or exceptions are finally overruled and the sale confirmed absolutely, the validity of the tax, its return for nonpayment, the entry of the claim, or the making of such claim absolute and the proceedings of the bureau with respect to such sale, *shall not thereafter be inquired into judicially in equity or by civil proceedings by the person in whose name such property was sold, by a grantee or assignee, by any lien creditor or by any other person*, except with respect to the giving of notice under the act, to the time of holding the sale, or to the time of petitioning the court for an order of sale. There shall be no period of redemption after such sale and the sale shall be deemed to pass a good and valid title to the purchaser, free from any liens or encumbrances whatsoever, except such liens as are hereafter specifically saved, and in all respects as valid and effective as if acquired by a sheriff's deed.

72 P.S. §5860.607(d), (g) (emphasis added). Section 102 of the RETSL defines "owner" as:

the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; as to property having been turned over to the bureau under Article VII [(relating to property purchased by taxing districts prior to the RETSL)] by any county, 'owner' shall mean the county.

72 P.S. §5860.102. The legislature has made clear that "only owners or lien creditors may file objections or exceptions to the return of the [tax bureau] and confirmation nisi by the trial court of the tax sale." *CR 2018 LLC v. Columbia County Tax Claim Bureau*, 229 A.3d 398, 402-03 (Pa. Cmwlth. 2020).

11

In *C. Everett, Inc.*, we examined whether an unsuccessful purchaser had standing to file objections or exceptions under the RETSL. Therein, C. Everett, Inc., the prospective purchaser of a parcel sold at an upset tax sale, had its purchase denied because its agent attempted to pay by personal check. Published notice of the tax sale stated that purchasers were required to pay by cash, money order or certified check.[6] The bidding process was immediately repeated and the property was sold to another party. C. Everett, Inc. filed exceptions to the sale, which the trial court dismissed. On appeal, this Court held that C. Everett, Inc., as a successful bidder but unsuccessful purchaser, was not an owner or lien creditor. Consequently, it did not have standing to file objections or exceptions to a decree nisi under Section 607 of the RETSL. *C. Everett, Inc.*, 494 A.2d at 52-53. Only owners or lien creditors have standing to contest the sale. *Id.* at 53 (citing Section 607(d) of the RETSL).

More recently, in *Nguyen*, 244 A.3d at 102, this Court reiterated the statutory rule that "persons who are not owners or lien creditors of the property at the time of the tax sale do not have standing to file objections or other exceptions." However, we recognized that "equitable owners" or persons with an equitable interest in the property at the time of the tax sale are owners for purposes of standing to challenge the tax sale. *Id.*; *see, e.g.*, *Matos v. Berks County Tax Claim Bureau*, 228 A.3d 976 (Pa. Cmwlth. 2020) (a tenant's option to purchase a leased property sold at a tax sale created an equitable interest sufficient to establish standing); *Moore v. Keller*, 98 A.3d 1 (Pa. Cmwlth. 2014) (the executrix of the estate of a deceased record owner, who had lived and invested in the property, was an equitable owner with the requisite substantial, direct and immediate interest in the sale of the property

---

[6] *See In re I & M Investments Inc.*, 370 A.2d 443, 445 (Pa. Cmwlth. 1977) (the mere presentation of an uncertified check does not constitute payment under Section 606 of the RETSL, 72 P.S. §5860.606).

12

to challenge the tax sale); *Shipley v. Tax Claim Bureau of Delaware County*, 74 A.3d 1101, 1104 n.3 (Pa. Cmwlth. 2013) (a wife had standing as an owner to challenge the tax sale where she possessed an equitable interest in a property purchased with joint funds while she and her husband were married, even though her name was not recorded on the deed); *Husak v. Fayette County Tax Claim Bureau*, 61 A.3d 302 (Pa. Cmwlth. 2013) (owners who acquired a property by quitclaim deed but failed to record the deed until after the tax sale possessed equitable title in the property for standing purposes).

Even under traditional standing principles, a person must be aggrieved or have a legally sufficient interest in the matter to have standing. *CR 2018 LLC*, 229 A.3d at 402. As stated by our Supreme Court:

> [A]n individual can demonstrate that he is aggrieved if he can establish that he has a *substantial, direct, and immediate interest in the outcome of the litigation in order to be deemed to have standing*. An interest is 'substantial' if it is an interest in the resolution of the challenge which 'surpasses the common interest of all citizens in procuring obedience to the law.' Likewise, a 'direct' interest mandates a showing that the matter complained of 'caused harm to the party's interest,' *i.e.*, a causal connection between the harm and the violation of law. Finally, an interest is 'immediate' if the causal connection is not remote or speculative.

*Id.* (quoting *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659 (Pa. 2005) (citations omitted)) (emphasis added); *accord William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 280-81 (Pa. 1975) (plurality); *Unified Sportsmen of Pennsylvania ex rel. Their Members v. Pennsylvania Game Commission*, 903 A.2d 117, 122 (Pa. Cmwlth. 2006).

Here, Appellant is not an owner or lien creditor as defined under the RETSL. *See* 72 P.S. §§5860.102, 5860.607(b). Appellant is not an equitable owner

and does not have an equitable interest in either of the properties. *See Nguyen*. Rather, like the company in *C. Everett, Inc.*, Appellant is merely a prospective purchaser/disappointed bidder. Even under traditional standing principles, Appellant's purported interest in ensuring the regularity of the 2019 Sale is no greater than that of the general citizenry. Consequently, Appellant lacks standing to contest the sale.[7] We, therefore, discern no error in the trial court's dismissal of Appellant's Exceptions.[8]

Accordingly, we affirm the trial court's order.

MICHAEL H. WOJCIK, Judge

---

[7] Even if Appellant could establish standing, Appellant did not present sufficient grounds to set aside the sale. Having failed to properly identify the Loyalsock Property in its Exceptions, Appellant attempts to recharacterize its Exceptions as a general contest to the regularity of the 2019 Sale. Yet, Appellant's Exceptions make no objection to or mention of the other 81 properties sold that day and focus exclusively on the sale of the Muncy Property. *See* R.R. at 13a-16a, 121a. The asserted irregularity is that the Bureau permitted a party to bid without first preregistering. Appellant has cited no case or statute requiring preregistration as part of a regularly conducted sale. Although preregistration is not required by the RETSL, it appears to be required by local procedure. In fact, recent attempts to amend the RETSL to include such preregistration requirements have failed to pass. *See* House Bill 1559, Regular Session 2019-2020 (available at https://www.legis.state.pa.us/cfdocs/legis/PN/Public/btCheck.cfm?txtType=PDF&sessYr=2019 &sessInd=0&billBody=H&billTyp=B&billNbr=1559&pn=2042 (last visited 6/24/2021)). The Bureau's decision to accept the highest bid from a party that did not preregister was discretionary in terms of how the Bureau conducted the sale and was not an irregularity under the RETSL warranting invalidation. Furthermore, Appellant has identified no prejudice that it has suffered as a result of the Bureau's failure to strictly adhere to a local procedure regarding preregistration.

[8] We "may affirm on other grounds where grounds for affirmance exist." *FP Willow Ridge Associates, L.P. v. Allen Township*, 166 A.3d 487, 496 (Pa. Cmwlth. 2017) (quoting *Kutnyak v. Department of Corrections*, 748 A.2d 1275, 1279 n.9 (Pa. Cmwlth. 2000)); *accord CR 2018 LLC*, 229 A.3d at 404 n.8.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Seneca Leandro View LLC,         :
                                     :
                Appellant     :
                                     :
                    v.         :  No. 388 C.D. 2020
                                     :
Lycoming County - Tax Claim Bureau  :
                                     :
In Re: Consolidation Return of the    :
Tax Claim Bureau of Lycoming       :
County From the September 11, 2019  :
Upset Sale for Delinquent Taxes     :

# **O R D E R**

AND NOW, this 22nd day of July, 2021, the order of the Court of Common Pleas of Lycoming County, dated January 28, 2020, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge