Susan BURGER, Appellant,

v.

BOROUGH OF INGRAM, Borough of Crafton, Revco D.S., Inc., Sgt. James Bloom, Officer George Jak.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 1997.

Decided July 1, 1997.

Susan Burger, appellant, for herself.

Andrew G. Kimball, Pittsburgh, for appellees, Borough of Crafton and Sgt. James Bloom.

Mark T. Caloyer, Pittsburgh, for appellees, Borough of Ingram and Officer George Jak.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

Susan C. Burger appeals *pro se* from an order of the Court of Common Pleas of Allegheny County (trial court) which denied her motion for post-trial relief and entered judgment in favor of the Borough of Ingram, the Borough of Crafton, Sergeant James Bloom and Officer George Jak. We affirm.

On October 24, 1991, Burger took some manufacturers' coupons from a counter in the Revco Drug Store at the Crafton–Ingram Shopping Center. She left the drug store with a paid purchase and proceeded to Whitlock's Auto Parts Store which was located in the same shopping complex. Two employees from the Revco Drug Store pursued Burger after having reported a theft to the police. Burger was confronted by the two Revco

employees and by Officer George Jak of the Ingram Police Department in Whitlock's Auto Parts Store.

Officer Jak accused Burger of theft, handcuffed her, searched her purse and found the manufacturers' coupons. The Revco employees told Officer Jak that the manufacturers' coupons were free to customers and did not press charges. Nonetheless, Officer Jak and Sergeant James Bloom of the Crafton Police Department drove Burger to the Crafton Police Station, handcuffed her to a chair, searched her person and took her car keys. Officer Jak then searched Burger's car where he found additional manufacturers' coupons. Burger was released on her own recognizance and was given a disorderly conduct citation. On November 26, 1991, Burger was found not guilty of disorderly conduct by a District Justice.

On October 23, 1992, Burger filed with the trial court a three-count complaint against the Borough of Ingram, the Borough of Crafton and Revco D.S., Inc. (Revco). In Count I of her complaint, Burger asserted that the conduct of Revco's employees in falsely accusing her of shoplifting and in notifying the police constituted slander.[1] In Counts II and III of her complaint, Burger asserted that the conduct of the Crafton Police Department and the Ingram Police Department constituted wrongful arrest. Burger sought compensatory and punitive damages.

On June 24, 1993, Burger filed with the trial court a petition for leave to amend her complaint and its caption. She sought to include Sergeant Bloom and Officer Jak in her complaint and to charge them with wrongful arrest and with violations of her civil rights under 42 U.S.C. § 1983. Burger also sought to add to her complaint allegations of civil rights violations by the Crafton Police Department and the Ingram Police Department. By order dated July 2, 1993, the trial court granted Burger's petition to amend her complaint and its caption. However, Burger never actually filed an amended complaint with the trial court.[2]

A hearing was then held before a Board of Arbitrators on May 11, 1994. In its award, the Board of Arbitrators found in favor of the Borough of Ingram, the Borough of Crafton and Revco with respect to all counts in Burger's original complaint. The Board of Arbitrators also found in favor of Sergeant Bloom and Officer Jak with respect to the additional claims asserted in Burger's amended complaint. Burger filed an appeal from the award of the Board of Arbitrators and demanded a jury trial.

Burger's appeal proceeded to a jury trial in April 1995. Following the conclusion of Burger's presentation of her case, the Borough of Ingram and the Borough of Crafton moved for a compulsory non-suit on the basis of governmental immunity pursuant to what is commonly referred to as the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. §§ 8541—8542. By order dated April 10, 1995, the trial court granted the motion for a non-suit.

Burger then filed a motion for post-trial relief seeking a reversal of the non-suit and a new trial. Burger asserted that the trial court had erred by allowing Sergeant Bloom and Officer Jak to be excluded from this case because they had not been named as defendants in a timely-filed amended complaint. Burger further asserted that the trial court had erred by concluding that the Borough of Ingram and the Borough of Crafton were immune from liability pursuant to the Act. Burger argued that Sergeant Bloom and Officer Jak were aware of and had acknowledged the fact that they were defendants in this case.

By order dated July 19, 1995, the trial court denied Burger's motion for post-trial relief and entered judgment for the Borough of Ingram, the Borough of Crafton, Sergeant

---

1. We note that on August 2, 1994, Revco filed a motion for summary judgment with respect to Count I of Burger's complaint. By order dated September 14, 1994, the trial court granted Revco's motion for summary judgment and dismissed Burger's claims against Revco.

2. We note that a copy of Burger's proposed amended complaint was attached, as an exhibit, to her petition for leave to amend her complaint. However, pursuant to her certificate of service, these documents were only served upon counsel for the Borough of Ingram, the Borough of Crafton and Revco.

Bloom and Officer Jak. The trial court noted that, on the eve of trial, Burger had made a motion to file her amended complaint. However, the trial court concluded that Burger's filing of an amended complaint was barred by the statute of limitations. The trial court also concluded that the Act did not set forth an exception to governmental immunity for wrongful arrest. As such, the Borough of Ingram and the Borough of Crafton were immune from suit with respect to Burger's claims.

 Burger then appealed the trial court's determination to the Superior Court. By order dated September 19, 1996, Burger's appeal was transferred from the Superior Court to this court.[3]

In her appeal, Burger raises the following issues for our review: (1) whether the trial court erred by excluding Sergeant Bloom and Officer Jak as defendants in her cause of action because of improper service; (2) whether the trial court erred or abused its discretion in not allowing her to amend her complaint at trial; and (3) whether the trial court erred in dismissing her claims against the Borough of Ingram and the Borough of Crafton.

Burger first asserts that the trial court should not have excluded Sergeant Bloom and Officer Jak as defendants in her cause of action. She points out that a copy of her proposed amended complaint was included with her petition for leave to file an amended complaint and, thus, was a part of the record in this case. Burger further asserts that the names of Sergeant Bloom and Officer Jak appeared in the captions on multiple pleadings in this case. Burger also points out that Sergeant Bloom was represented by the same attorney as the Borough of Crafton and Officer Jak was represented by the same attorney as the Borough of Ingram. Burger therefore argues that Sergeant Bloom and Officer Jak were aware of and had acknowl-

edged the fact that they were defendants in her cause of action.

Pursuant to Pennsylvania Rule of Civil Procedure No. 1007, an action may be commenced by filing with the prothonotary a praecipe for a writ of summons or a complaint. Our Supreme Court has stated that the language of Rule 1007 is clear and unambiguous, and its underlying purpose is to provide certainty as to the commencement of an action. *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). Attempts to commence an action by means other than those allowed by Rule 1007 have consistently been rejected by the courts. *See Hartmann v. Peterson,* 438 Pa. 291, 265 A.2d 127 (1970); *Aivazoglou v. Drever Furnaces,* 418 Pa. Superior Ct. 111, 613 A.2d 595 (1992).

Once a complaint has been filed, original process shall be served within the Commonwealth within thirty days. Pa.R.C.P. No. 401(a). Original process· shall be served by the sheriff, or, in the alternative, it may be served by a competent adult who is not a party in specifically enumerated types of actions. Pa.R.C.P. No. 400(a), (b). Furthermore, when service of original process has been made, the sheriff or other person making service shall make a *return of service* which shall be filed with the prothonotary. Pa.R.C.P. No. 405(a), (e). The return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made. Pa.R.C.P. No. 405(b).

 This court has stated that every name which appears in the caption of a complaint or a pleading is not necessarily a party to the action. *Silver Spring Township v. Pennsy Supply, Inc.,* 149 Pa.Cmwlth. 314, 613 A.2d 108 (1992). Parties to an action are those who are named as such in the record of a case and have been properly served with process. *Id.* Our Supreme Court has stated

---

**3.** Our scope of review is limited to determining whether the trial court committed an abuse of discretion or an error of law in denying the post-trial motions. *Masthope Rapids Property Owners Council v. Ury,* 687 A.2d 70 (Pa.Cmwlth.1996); *Milan v. Department of Transportation,* 153 Pa.

Cmwlth. 276, 620 A.2d 721 (1993), *petition for allowance of appeal denied,* 535 Pa. 650, 633 A.2d 154 (1993). An abuse of discretion exists where the judgment exercised by the trial court is manifestly unreasonable or is the result of partiality, prejudice, bias or ill will. *Milan.*

that the requirements of the Pennsylvania Rules of Civil Procedure govern the validity of service of process and must be strictly followed. *Sharp v. Valley Forge Medical Center,* 422 Pa. 124, 221 A.2d 185 (1966). Our Supreme Court has further stated that jurisdiction over a person by a court is dependent upon proper service of process having been made. *Id.* There is no presumption as to the validity of service of process and the return itself is required to demonstrate that service was made in conformity with the Pennsylvania Rules of Civil Procedure. *Id.*

■ In the present case, the trial court granted Burger's petition for leave to file an amended complaint on July 2, 1993. However, Burger never actually filed an amended complaint with the prothonotary in accordance with Pa.R.C.P. No. 1007. *See* Original Record, Docket Entries. Furthermore, the record in this case is devoid of evidence that Sergeant Bloom and Officer Jak were served with copies of the amended complaint or that their attorneys had accepted service of process on their behalf. Accordingly, we conclude that the trial court did not err by excluding Sergeant Bloom and Officer Jak as defendants in Burger's cause of action.

Burger next argues that the trial court erred and abused its discretion by not allowing her to amend her complaint at the start of trial. She asserts that she should have been allowed to remedy her technical deficiency regarding service of process on Sergeant Bloom and Officer Jak. Burger further asserts that she should have been allowed to raise claims for civil rights violations under 42 U.S.C. § 1983 because such claims merely clarified her original cause of action for wrongful arrest.

■ Pursuant to Pa.R.C.P. No. 1033, a party may amend her complaint either by filed consent of the adverse party or by leave of court. The decision about whether to allow an amendment is within the discretion of the trial court, but such discretion is not unfettered. *Mistick Incorporated v. City of Pittsburgh,* 166 Pa.Cmwlth. 294, 646 A.2d 642 (1994). Amendments are to be liberally permitted except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law.

*Berman v. Herrick,* 424 Pa. 490, 227 A.2d 840 (1967).

■ We note that section 5524(1) of the Judicial Code establishes a two-year statute of limitations for the commencement of an action for false arrest. 42 Pa.C.S. § 5524(1). With respect to claims pursuant to 42 U.S.C. § 1983, the Supreme Court has concluded that such claims are best characterized as personal injury actions for purposes of state statutes of limitations. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). As such, claims which are brought pursuant to 42 U.S.C. § 1983 are also subject to a two-year statute of limitations in Pennsylvania. *See* 42 Pa.C.S. § 5524.

This court has held that it will not permit the amendment of a complaint, after the statute of limitations has run, to bring a new and distinct party into an action. *Gilbert v. School District of Philadelphia,* 98 Pa. Cmwlth. 282, 511 A.2d 258 (1986). Our Supreme Court has stated that if the effect of an amendment to a complaint is to correct the name under which the right party has been sued, then the amendment will be permitted. *Saracina v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965). However, if the effect of an amendment is to bring in a new party, then it will be refused. *Id.*

■ In the present case, Burger moved to amend her complaint at the commencement of trial to include Sergeant Bloom and Officer Jak as defendants in her cause of action. Burger sought to hold Sergeant Bloom and Officer Jak liable for wrongful arrest and for violations of her civil rights pursuant to 42 U.S.C. § 1983. As we have stated, both of these claims are subject to a two-year statute of limitations. The incident at the Revco Drug Store when Burger was accused of misappropriating manufacturers' coupons occurred on October 24, 1991. Nearly three and one-half years had elapsed since this incident when Burger sought to amend her complaint at the commencement of trial on April 10, 1995. Clearly, the statute of limitations had run on Burger's asserted claims for wrongful arrest and for civil rights violations. Accordingly, we conclude that the trial court did not err or abuse its

discretion in refusing to allow Burger to amend her complaint to bring new parties into her cause of action; namely, Sergeant Bloom and Officer Jak.

Our Supreme Court has also held that it will not permit the amendment of a complaint, after the statute of limitations has run, to introduce a new cause of action against a defendant. *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983). To permit such an amendment would result in prejudice to the adverse party. *Id.* However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the statute of limitations has already run. *Id.*

■ This court has stated that to maintain a cause of action pursuant to 42 U.S.C. § 1983, a plaintiff is required to allege that a person or persons deprived her of some cognizable federal right, privilege or immunity, and that the person or persons deprived her of that right while acting under the color of state law. *Heinly v. Commonwealth*, 153 Pa.Cmwlth. 599, 621 A.2d 1212 (1993). The Supreme Court has concluded that Congress did not intend for municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In particular, a municipality can not be held liable under 42 U.S.C. § 1983 in a respondeat superior theory. *Id.* This court has stated that, because respondeat superior does not apply, the touchstone of a section 1983 action against a governmental body is an allegation that an official policy, custom or usage is responsible for a deprivation of rights protected by the Constitution. *Davis v. City of Philadelphia*, 168 Pa. Cmwlth. 334, 650 A.2d 1127 (1994).

■ In the present case, Burger's proposed amendment to her complaint, which would include claims for civil rights violations under 42 U.S.C. § 1983, is not merely a clarification of her original cause of action for wrongful arrest. We point out that Burger never averred in her complaint that an official policy, custom or usage of the Borough of Ingram and the Borough of Crafton had deprived her of rights protected by the Constitution. As we have noted, such allegations are the touchstone of a cause of action under 42 U.S.C. § 1983. Burger's additional claims for civil rights violations under 42 U.S.C. § 1983 propose a different legal theory and require additional facts in support thereof. Accordingly, we conclude that the trial court did not err or abuse its discretion in refusing to allow Burger to amend her complaint, after the statute of limitations had run, to bring claims for alleged civil rights violations pursuant to 42 U.S.C. § 1983.

Burger next asserts that the trial court erred in dismissing her claims against the Borough of Ingram and the Borough of Crafton. We disagree.

Section 8541 of the Judicial Code provides that a local agency shall not be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person unless otherwise provided for in the subchapter. 42 Pa.C.S. § 8541. Section 8542(a) of the Judicial Code, 42 Pa.C.S. § 8542(a), sets forth two conditions that must be met before liability will be imposed: the damages must be those which would be recoverable at common law and the injury must be caused by the negligence of the local agency, or an employee thereof acting within the scope of his or her duties with respect to one of eight categories of exceptions listed under section 8542(b) of the Judicial Code.[4] Section 8542(a) of the Judicial Code, 42 Pa. C.S. § 8542(a), further provides that "negligent acts" shall not include acts or conduct which constitute a crime, actual fraud, actual malice or willful misconduct.

■ In order to defeat the governmental immunity of the Borough of Ingram and the Borough of Crafton, Burger must have alleged conduct on their part which satisfied the two conditions for the imposition of liability. In her complaint, Burger asserted that

---

4. The eight exceptions include the following: (1) the operation of a motor vehicle; (2) the care, custody or control of personal property, real property and animals; and (3) the existence of dangerous conditions involving trees, traffic controls, street lighting, utility service facilities, streets and sidewalks. 42 Pa.C.S. § 8542(b).

Sergeant Bloom, acting as an agent of the Crafton Police Department, had wrongfully arrested and imprisoned her. Burger alleged, *inter alia*, that she was seized and detained against her will, was assaulted and was embarrassed by the actions of Sergeant Bloom. In her complaint, Burger also asserted the same charges against unknown police officers acting as agents of the Ingram Police Department.

Based upon our review of the pleadings in this case, we conclude that Burger has failed to satisfy the conditions set forth in section 8542(a) of the Judicial Code which would abrogate the governmental immunity of the Borough of Ingram and the Borough of Crafton. As such, the trial court did not err in dismissing Burger's claims against the Borough of Ingram and the Borough of Crafton.

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, this 1st day of July, 1997, the order of the Court of Common Pleas of Allegheny County, dated July 19, 1995, at No. GD 8510–92, is affirmed.