IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mauricio Bedolla-Comacho,   :
          Petitioner   :
                          :
          v.                 :   No. 458 M.D. 2022
                          :   Submitted: July 14, 2023
Mark Garman, Facility Manager of   :
S.C.I. Rockview; Craig Miller,   :
D-Block Unit Manager at S.C.I.   :
Rockview; Adam Beck, Business   :
Manager at S.C.I. Rockview/Benner;   :
Jane Doe, Employ of the Business   :
Office at S.C.I. Rockview/Benner;   :
John Doe (C/O Ace) Correctional   :
Office at S.C.I. Rockview and Randal :
(Randy) Vance, Captain of Security   :
at S.C.I. Rockview; Individually and   :
in their Official Capacities,   :
          Respondents   :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT             FILED: January 29, 2024

Mauricio Bedolla-Comacho (Bedolla-Comacho), *pro se*, has initiated a civil rights action[1] against several employees of the Department of Corrections (Department Employees)[2] who are alleged to have removed $200 from his inmate account in violation of his property rights protected by the United States

---

[1] Bedolla-Comacho's pleading is captioned "Complaint," which we treat as a "Petition for Review" addressed to the Court's original jurisdiction.

[2] Department Employees are Mark Garman, Craig Miller, Adam Beck, Jane Doe, John Doe (C/O Ace), and Randal (Randy) Vance.

Constitution. In response, Department Employees have filed preliminary objections, seeking dismissal of Bedolla-Comacho's civil rights action.

Bedolla-Comacho is an inmate incarcerated at State Correctional Institution - Rockview. His civil rights petition alleges that "[o]n or about July 23, 2019, an unknown inmate took a cash slip to [one of Department Employees] filled out in [Bedolla-Comacho's] name with a forged signature to approve the removal of $200.00[,] from [Bedolla-Comacho's] inmate account and sent [sic] to one Dominic Williams in Philadelphia[,] Pennsylvania." Petition ¶15. The petition avers that Department Employees approved the removal of the $200 "without [] verifying that the inmate's name on the cash slip was the same inmate having the cash slip approved." *Id.* ¶16. It asserts that Department Employees failed to follow the required procedures for removing the money from his account. *Id.* ¶¶28-29, ¶¶31-33. When Bedolla-Comacho talked to Department Employees to have them contact the Pennsylvania State Police about the alleged theft, they refused and advised him that a grievance was needed to initiate an investigation. *Id.* ¶¶21-22, ¶¶31-33.

In response, Bedolla-Comacho filed grievances on August 7, 2019, and August 15, 2019, which were consolidated and denied, on or about August 30, 2019. Petition ¶25. On or about September 6, 2019, Bedolla-Comacho appealed the denial of his grievance to the facility manager, Mark Garman, who also denied his appeal. *Id.* On or about October 5, 2019, Bedolla-Comacho appealed to the Department of Corrections' (Department) Office of Inmate Grievances and Appeals, which also denied his appeal.[3] *Id.* Bedolla-Comacho contends that on or about September 6,

---

[3] The Chief Grievance Officer in the Final Appeal Decision, dated November 22, 2019, stated, in pertinent part: "A review of the record found that your allegations were investigated. [Corrections Officer] Ace was interviewed because he was the officer who signed the cash slip and verified your identity. You fail to provide any evidence to substantiate your claims . . . . Your grievance and requested relief are denied." Petition, Exhibit C at 12.

2

2019, he filed another grievance that was likewise denied "because he could not [grieve] response [sic] or the investigation of the grievance." *Id*. ¶26.

On or about May 17, 2021, Bedolla-Comacho filed a petition with this Court,[4] asserting that Department Employees violated his constitutional rights and caused him emotional distress. The petition sought a declaration that the acts and omissions of Department Employees have violated his rights under the Constitution and laws of the United States. The petition requested this Court to order Department Employees "to enforce all established [Department] . . . procedures as to who can approve the removal of money from inmate accounts and to whom inmates can send money[.]" 2021 Petition ¶35. It also requested a specific injunction directing Garman to contact law enforcement and report "the [c]rimes [c]ommitted against [Bedolla-Comacho]." *Id*. ¶36. The petition sought an award of $500 in compensatory damages against each respondent; punitive damages of $5,000 against each respondent "jointly and severally;" a jury trial on "all issues triable by jury;" recovery of costs to bring suit; and "[a]ny and all additional relief" deemed appropriate by the Court. 2021 Petition ¶¶37-41.

By order of July 8, 2021, this Court directed Bedolla-Comacho to serve his petition on Department Employees and the Attorney General and to file a certificate of service of same with the Court within 14 days of the date of the order. The order specified that his petition would be dismissed unless service was made. On August 26, 2021, the Court dismissed the petition for failing to comply with its order of July 8, 2021. Approximately 11 months later, *i.e.*, July 28, 2022, Bedolla-Comacho filed an application for relief to re-open the judgment of this Court rendered on August 26, 2021. On August 24, 2022, the Court dismissed the

---

[4] That petition was docketed at 160 M.D. 2021.

application as unauthorized, explaining that the application constituted reconsideration of the Court's August 26, 2021, order and was untimely filed.

Bedolla-Comacho then filed the above-docketed petition on September 9, 2022. This petition, but for some additional documentation in his attached Exhibit C, is identical to the one he filed in May 2021 that was dismissed. On November 29, 2022, the Department filed preliminary objections.

In its preliminary objections, the Department asserts that the petition should be dismissed because it: (1) violates the applicable statute of limitations; (2) fails to establish sufficient personal involvement of the respondents, all of whom fulfill supervisory roles in the Department; (3) is legally insufficient because it fails to state a claim for any violation of constitutional rights; and (4) challenges Department policy, which is not actionable.

In ruling on preliminary objections, this Court must accept as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id*. "[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it." *Allen v. Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). "Although the statute of limitations is to be pled as new matter, it may be raised in preliminary objections where the defense is clear on the face of the pleadings and the responding

4

party does not file preliminary objections to the preliminary objections." *Laskaris v. Hice*, 247 A.3d 87, 89 n.3 (Pa. Cmwlth. 2021) (quotation omitted).

To the extent Bedolla-Comacho's petition may be construed to seek a writ of mandamus, we briefly consider mandamus principles as well. To prevail in mandamus, a petitioner must establish (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). Mandamus is not the vehicle to establish a right or to compel performance of discretionary acts but, instead, to enforce rights that have been clearly established. *Id*.

With these precepts in mind, we address Department Employees' preliminary objections. We begin with their objection that Bedolla-Comacho's petition violates the applicable statute of limitations.

In his petition, Bedolla-Comacho states: "[t]his is a civil action authorized by 42 U.S.C. §1983, to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States." Petition ¶1. However, Department Employees argue that Bedolla-Comacho admits to learning of the deduction from his inmate account as early as August 3, 2019,[5] and that "[i]f the inmate's action [can] be deemed a federal civil rights action, a two-year statute of limitations [applies] because actions brought pursuant to 42 U.S.C. §1983[6] are

_____

[5] *See* Petition ¶21.

[6] It reads, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any [s]tate . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

42 U.S.C. §1983.

5

subject to a two-year statute of limitations in Pennsylvania." Department Brief at 14 (citing *Burger v. Borough of Ingram*, 697 A.2d 1037, 1041 (Pa. Cmwlth. 1997) ("With respect to claims pursuant to 42 U.S.C. §1983, the [United States] Supreme Court has concluded that such claims are best characterized as personal injury actions for purposes of state statutes of limitations. As such, claims which are brought pursuant to 42 U.S.C. §1983 are also subject to a two-year statute of limitations in Pennsylvania.") (internal citation omitted)). Thus, the two-year statute of limitations began to run on August 3, 2019, and the instant petition was not filed until September 9, 2022, more than a year after the statute of limitations had already expired. Giving the most generous view of the date upon which the statute began to run, *i.e.*, the date on which the Department issued the Final Appeal Decision (November 22, 2019), the present petition was still untimely initiated nearly a year too late.

Bedolla-Comacho argues that this Court mistakenly dismissed his previous petition because it assumed that he had not complied with the Court's July 8, 2021, order, directing him to serve the Attorney General and the Department and to provide a certificate of service to the Court. Bedolla-Comacho contends that he complied with this order but that there must have been a breakdown in the Court's operations that led the Court to its contrary "assumption." Bedolla-Comacho Brief at 8. Further, on April 20, 2022, this Court informed him that he "may refile his petition at his convenience *without the original docket number*." *Id*. at 5 (emphasis added).

On July 28, 2022, Bedolla-Comacho filed an application for relief with this Court, using the 2021 docket number, seeking to re-open the Court's dismissal of his petition. In that application, Bedolla-Comacho suggested that his appeal

6

should be allowed *nunc pro tunc* because the Court erred in dismissing his petition due to an alleged breakdown of the Court's internal operations. He theorizes that this could have occurred because of "the Covid virus or just plain human error[.]" Application for Relief at No. 160 M.D. 2021, filed 7/28/2022, at 3-4; Bedolla-Comacho Brief at 8.

Bedolla-Comacho does not address the Court's August 24, 2022, order, which states:

> Petitioner's Application for Relief to Re-Open the Judgment of This Court Rendered on August 26, 2021 Decision (Application) is DISMISSED as unauthorized.
>
> To the extent that the Application may be construed as a request for reconsideration of this Court's order dated August 26, 2021, the Application is untimely filed.

Order at No. 160 M.D. 2021, filed 8/24/2022. The 2021 order is beyond review by this Court or any court.

Bedolla-Comacho contends that Department Employees are precluded from raising an affirmative defense, such as the statute of limitations, in preliminary objections. However, as this Court has previously stated, "[a]lthough the statute of limitations is to be pled as new matter, it may be raised in preliminary objections where the defense is clear on the face of the pleading and the responding party does not file preliminary objections to the preliminary objections." *Laskaris*, 247 A.3d at 89 n.3. Here, the defense of statute of limitations is apparent from the face of the petition, and Bedolla-Comacho did not file a preliminary objection to the Department's preliminary objections.

Because Bedolla-Comacho's 42 U.S.C. §1983 action was filed over two years after he learned of the transfer from his account, and over two years after he exhausted his grievance remedy, it was untimely filed. Accordingly, we sustain

the Department's preliminary objection that demurs on grounds of the statute of limitations and dismiss his petition in its entirety.[7]

In any case, Bedolla-Comacho used the Department's grievance process, in which he received all the process due to him for resolution of his allegations. This Court has held that the Department's process for addressing confiscation of an inmate's personal property satisfies due process. *Bullock v. Department of Corrections* (Pa. Cmwlth., No. 241 M.D. 2016, filed May 12, 2017) (unreported), slip op. at 9.[8]

For these reasons, we sustain the Department's preliminary objection and dismiss Bedolla-Comacho's petition with prejudice. Thus, we need not reach the remaining preliminary objections or any of the other arguments raised herein.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[7] Assuming the petition seeks relief in mandamus, it is likewise barred for several reasons. "[I]nmate account deduction actions are not mandamus actions[.]" *Morgalo v. Gorniak*, 134 A.3d 1139, 1145 (Pa. Cmwlth. 2016). Unlawful deduction claims do not sound in mandamus because "mandamus may not be used to reverse actions the Department has already taken; thus, it cannot be the basis upon which [we] may order the Department to stop the deductions and return previously[]deducted funds." *Id.* at 1145. Deduction claims are subject to a two-year statute of limitations contained in Section 5524(3) of the Judicial Code, 42 Pa. C.S. §5524(3), which applies to "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof[.]" *Schneller v. Prothonotary of Montgomery County* (Pa. Cmwlth., No. 1316 C.D. 2016, filed June 16, 2016) (unreported), slip op. at 10 (quoting 42 Pa. C.S. §5524(3)).

[8] Under Section 414(a) of this Court's Internal Operating Procedures, an unreported opinion of this Court, issued after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mauricio Bedolla-Comacho,  :
      Petitioner :
         :
    v.     :  No. 458 M.D. 2022
         :
Mark Garman, Facility Manager of :
S.C.I. Rockview; Craig Miller, :
D-Block Unit Manager at S.C.I. :
Rockview; Adam Beck, Business :
Manager at S.C.I. Rockview/Benner; :
Jane Doe, Employ of the Business :
Office at S.C.I. Rockview/Benner; :
John Doe (C/O Ace) Correctional :
Office at S.C.I. Rockview and Randal :
(Randy) Vance, Captain of Security :
at S.C.I. Rockview; Individually and :
in their Official Capacities, :
      Respondents :

# **O R D E R**

AND NOW, this 29th day of January, 2024, the preliminary objection of Respondents based on the expiration of the statute of limitations is SUSTAINED, and the petition for review filed by Mauricio Bedolla-Comacho is DISMISSED with prejudice.

_____
MARY HANNAH LEAVITT, President Judge Emerita