# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony James Rainey, : 
           Appellant : 
            : No. 137 C.D. 2025
       v. : 
            : Submitted: May 12, 2026
John Rivello, Superintendent, SCI : 
Huntingdon; CO Kipper, CO Kyle, : 
Lt. W. Kambell, Security LT. Lopez, : 
Jessica L. Cousins, P.A. Gabby and : 
P.A. Brandy : 

BEFORE:   HONORABLE LORI A. DUMAS, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                  **FILED: June 22, 2026**

Anthony James Rainey (Appellant), *pro se*, has appealed from an order entered by the Court of Common Pleas of Huntingdon County (trial court) on October 3, 2024, which dismissed his complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1). After careful review, we affirm.

## I. BACKGROUND[1]

Appellant is an inmate currently incarcerated at the State Correctional Institution Waymart (SCI-Waymart). Between January and May 2022, Appellant was held in administrative custody in SCI-Huntingdon's restricted housing unit

---

[1] We derive this background from the facts alleged in Appellant's Complaint. *See* Compl., 8/19/24.

(RHU). Appellant alleges that, during this time, Employees subjected him to "constitutional violations, improper treatment, and abuse which resulted in severe harm and . . . immeasurable mental anguish." Compl., 8/19/24, ¶7.

Appellant describes two separate incidents with a prison emergency response team (security team) that occurred sometime in May 2022.[2] First, after refusing to "cuff up," the security team placed Appellant in the RHU's strip-search cage, where team members struck him with a riot shield, pinned him to the floor, and kicked him twice in the head. Appellant was then handcuffed. A medical team evaluated his injuries, after which Appellant was returned to his cell, where he remained handcuffed for a short period of time.

On the second occasion, Appellant ignored orders to stop banging on his cell door. Using pepper spray, the security team forcibly removed Appellant from his cell. The spray "seemingly" induced a seizure. *Id.*, ¶5. Again, members of the team struck him with a riot shield resulting in him drifting in and out of consciousness. Appellant was placed in an observation cell, where a medical team later informed Appellant that he would be transferred to SCI-Waymart on a behavioral modification transfer.

On August 19, 2024, Appellant commenced this litigation. Lacking resources to pay the costs of litigation, Appellant sought to proceed *in forma pauperis*. In his complaint, Appellant alleged unconstitutional and tortious conduct, and he sought equitable relief and money damages from Superintendent John Rivello, CO Kipper, CO Kyle, Lt. W. Kambell, Security LT. Lopez, Jessica L.

---

[2] Appellant did not plead a precise date. *See* Compl., ¶¶ 7, 9, 10.

Cousins, P.A. Gabby, and P.A. Brandy.[3]  Prior to service, the trial court dismissed Appellant's complaint as frivolous, concluding that it had been filed outside the applicable two-year statute of limitations period.  *See* Trial Ct. Order, 10/3/24.

Appellant timely appealed.[4]

## II. DISCUSSION[5]

On appeal, Appellant contends that the trial court erred or abused its discretion by "refusing to entertain" his federal claims challenging the conditions of his confinement.[6]  Appellant's Br. at 3.  In support, Appellant invokes the Supremacy Clause of the United States Constitution, *see* U.S. CONST. art. VI, cl. 2, asserting that the trial court lacked authority to ignore his Section 1983 claims.  *See* Appellant's Br. at 9-14.

Appellant's argument lacks merit.  It is well settled that Section 1983 claims are governed by the relevant state statute of limitations.  *See Wilson v. Garcia*, 471 U.S. 261 (1985), *superseded by statute on other grounds*, 28 U.S.C. § 1658(a); *Burger v. Borough of Ingram*, 697 A.2d 1037, 1041 (Pa. Cmwlth. 1997); *see also Lehigh Valley Props., Inc. v. City of Allentown* (Pa. Cmwlth., No. 1576 C.D. 2024,

---

[3] Appellant pleaded 8 counts.  He alleged Eighth and Fourteenth Amendment violations by way of Section 1983 of the United States Code.  *See* U.S. CONST. amends. VIII, XIV; 42 U.S.C. § 1983 (Section 1983).  Appellant additionally alleged intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.

[4] Appellant initially appealed to the Superior Court, which transferred the matter to this Court.  *See* Pa. Super. Ct. Order, 1/31/25.  Additionally, we note that the named defendants have informed this Court that they would not participate in this appeal, as the trial court dismissed Appellant's complaint prior to service.  *See* Notice of Non-Participation, 6/17/25; Notice of Non-Participation, 7/15/25.

[5] Our review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j)(1) is "limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law."  *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

[6] Appellant has abandoned his state tort claims on appeal.  *See generally* Appellant's Br.

filed Feb. 13, 2026) (unreported), 2026 WL 409569; *Bedolla-Comacho v. Garman* (Pa. Cmwlth., No. 458 M.D. 2022, filed Jan. 29, 2024) (unreported), 2024 WL 322677; *Phippen v. Hendrix* (Pa. Cmwlth., No. 406 C.D. 2012, filed Aug. 17, 2012) (unreported), 2012 WL 8677720.[7]

A trial court may dismiss a *pro se* action, if the court is satisfied the action is frivolous. *Jones*, 126 A.3d at 408-10; Pa.R.C.P. 240(j)(1).[8] In this context, an action is frivolous if it "lacks an arguable basis either in law or in fact." Pa.R.C.P. 240(j)(1), Note (citation omitted).

A trial court may consider the relevant statute of limitations *sua sponte* in assessing whether an action is frivolous. *See Paluch v. Palakovich*, 84 A.3d 1109, 1112 (Pa. Cmwlth. 2014) (addressing the timeliness of a complaint in the context of Pennsylvania's Prison Litigation Reform Act, 42 Pa.C.S. § 6602). This Court has long recognized that claims brought pursuant to Section 1983 are best characterized as personal injury actions subject to Pennsylvania's two-year statute of limitations. *See Burger*, 697 A.2d at 1041; 42 Pa.C.S. § 5524(2); *see also Bedolla-Comacho*; *Phippen*.

Here, as the trial court observed, Appellant has alleged that two injurious incidents occurred in May 2022. *See* Trial Ct. Order at 1-2; Compl., ¶¶ 9,

---

[7] We may cite unreported decisions of this Court for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[8] Rule 240 provides, in relevant part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

> Note: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319 (1989).

Pa.R.C.P. 240(j)(1).

Therefore, the two-year limitation period expired in May 2024. *See Burger*, 697 A.2d at 1041; 42 Pa.C.S. § 5524(2). Appellant did not file his complaint until August 19, 2024, approximately three months after the statute of limitations had lapsed. *See* Compl.

## III. CONCLUSION

Appellant filed his complaint outside of the applicable statute of limitations period. *See Burger*, 697 A.2d at 1041; 42 Pa.C.S. § 5524(2). Under Pennsylvania law, his untimely complaint was frivolous, as it lacked an arguable basis in law or in fact. *See Paluch*, 84 A.3d at 1112; Pa.R.C.P. 240(j)(1). Accordingly, we discern neither error of law nor abuse of discretion in the trial court's decision to dismiss this action. *See Jones*, 126 A.3d at 408-10; Pa.R.C.P. 240(j)(1). For these reasons, we affirm.

**LORI A. DUMAS, Judge**

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony James Rainey,  :
        Appellant  :
          :  No.  137 C.D. 2025
        v.  :
          :
John Rivello, Superintendent, SCI  :
Huntingdon; CO Kipper, CO Kyle,  :
Lt. W. Kambell, Security LT. Lopez,  :
Jessica L. Cousins, P.A. Gabby and  :
P.A. Brandy  :

## O R D E R

AND NOW, this 22nd day of June, 2026,  the order of the Court of Common Pleas of Huntingdon County, entered on October 3, 2024, is AFFIRMED.

 

**LORI A. DUMAS, Judge**